UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JIMMY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 25-40130-MRG |
| ) | |
| BROCKTON POLICE DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

**ORDER**
February 9, 2026

**GUZMAN, D.J.**

  *Pro se* plaintiff Jimmy Smith, who resides in Massachusetts, brings this action against Brockton Police Department ("BPD"), claiming that on multiple occasions its officers have wrongfully taken him into custody for psychiatric evaluation. Smith claims that BPD's actions against him were in retaliation for him engaging in speech protected by the First Amendment. Smith has also filed motions for a preliminary injunction and leave to proceed *in forma pauperis*. Upon review of these documents, the Court hereby orders:

  1.  The motion for leave to proceed *in forma paupers* is GRANTED.

  2.  If Smith wishes to proceed with this action, he must, within twenty-eight (28) days, file an amended complaint in which he identifies the protected speech for which BPD retaliated against him, the context in which it occurred, and the approximate dates it occurred. Without this factual material, Smith's complaint is too vague to give BPD adequate notice of the claims against it or show that Smith is entitled to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (alteration in original) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 557 (2007))). The amended complaint will completely replace the original complaint.[1] If Smith does not file an amended complaint within twenty-eight (28) days, this action will be dismissed without prejudice.

    3.    The motion for a preliminary injunction is DENIED without prejudice.

Smith asks for a restraining order against BPD officers because he is allegedly "in danger of being sectioned again and again." ECF No. 2 at 1. Smith claims that BPD officers "are not adhering to Fourth Amendment Protections," and have even said 'The State' allows them to detain someone to gather evidence of a section." *Id.* The Court denies the motion. To the extent the relief Smith seeks is an order prohibiting BPD from "sectioning" him, such relief is overly broad, especially where the allegations in the complaint are too vague to state a claim upon which relief may be granted. In addition, law enforcement are permitted to take someone into custody for a mental health evaluation without a warrant if there is probable cause that the person poses an emergent danger to himself or others. *See Graham v. Barnett*, 5 F.4th 872, 886 (8th Cir. 2021).

**So Ordered.**

    /s/ Margaret R. Guzman
    MARGARET R. GUZMAN
    UNITED STATES DISTRICT JUDGE

Dated: February 9, 2026

---

[1] Smith alleges that BPD "cannot detain [him] when there was no probable cause of a crime being committed." Compl. at 4. This rule is not applicable to all circumstances. Under the "community caretaking" exception to the Fourth Amendment's warrant and probable cause requirements, police may take someone into custody for psychiatric evaluation where there is probable cause that the person poses an emergent danger to himself or others. *See Graham v. Barnett*, 5 F.4th 872, 886 (8th Cir. 2021).