**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JIMMY SMITH,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BROCKTON POLICE DEPARTMENT,**<br><br>**Defendant.** | **CIVIL ACTION**<br>**NO. 25-40130-MRG** |

**ORDER**
**October 1, 2026**

**GUZMAN, D.J.**

Upon review of the revised Second Amended Complaint (ECF No. 36-1) filed by *pro se* plaintiff Jimmy Smith, the Court hereby orders:

1. The Motion for Leave to File a Second Amended Complaint, ECF No. 25, and Motion for Leave to File Substitute Proposed Amended Complaint, ECF No. 26, are granted. The Clerk shall docket ECF No. 36-1 and exhibits thereto as the Second Amended Complaint and amend the parties listed on the docket, as appropriate. Although the title of the revised Second Amended Complaint identifies "Brockton Police Department" as a defendant, ECF No. 36-1 at 1, within the body of the complaint this defendant is correctly identified as "City of Brockton, *e.g.*, ECF No. 36-1 ¶ ¶ 9, 48, 71. In amending the list of defendants, the Clerk shall designate "City of Brockton" rather than "Brockton Police Department" as the municipal defendant.

2. The Clerk shall issue a summons for all defendants named in the Second Amended Complaint except for the "John Doe" defendants.

Although the use of fictitious names to identify defendants is not favored, situations may arise where the identity of an alleged defendant cannot be known prior to the filing of a complaint. *See Martínez-Rivera v. Ramos*, 498 F.3d 3, 8 (1st Cir. 2007); *Carmen v. Toledo*, 215 F.3d 124, 135 (1st Cir. 2000) ("[I]n § 1983 litigation, 'courts have rejected the dismissal of suits against unnamed defendants described by roles ... until the plaintiff has had some opportunity for discovery to learn the identities of responsible officials.'" (quoting *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998) (omission in original)). If, through discovery, Smith discovers the true names of the "John Doe" defendants, he "should act promptly to amend the complaint to substitute the correct parties and to dismiss any baseless claims." *Martinez-Rivera*, 498 F.3d at 8 n.5.

3. Smith must ensure that (a) each of these defendants is served with a summons, the amended complaint, and this order; and (b) service is executed in accordance with Rule 4 of the Federal Rules of Civil Procedure. Smith is advised that service by electronic mail to a city legal department is not in conformity with the Rules.

4. The aforesaid service must be completed within 90 days of the issuance of the summonses. Failure to complete service in a timely fashion may result in dismissal of the action without prior notice to the plaintiff. *See* Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

5. Because Smith is proceeding *in forma pauperis*, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service advanced by the United States. If requested by Smith, the USMS shall serve a summons, amended complaint, and this order on each defendant for whom a summons has issued. Smith is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served. The Clerk shall provide Smith with the forms and instructions for service by the USMS.

6. No Defendant has been properly served or filed an appearance, accordingly there is no basis for entry of default and ECF No. 32 is DENIED.

7. Further, ECF Nos. 26, 27, and 28 are DENIED to the extent that Smith seeks ex parte relief. The Defendants have not been served and have not had the opportunity to respond. Smith does not "clearly show that immediate and irreparable injury, loss, or damage will result [him] before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

**So Ordered.**

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated: October 1, 2026